**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN DAVID DAWSON** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:22-0508** |
| **v.** | : | **(JUDGE MANNION)** |
| | : | |
| **Superintendent, SCI-ALBION,** | : | |
| **Respondent** | : | |

## MEMORANDUM

### I.   Background

Petitioner, John David Dawson, an inmate confined in the State Correctional Institution, Albion, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He challenges a life sentence imposed by the Somerset County Court of Common Pleas. Id.

For the reasons outlined below, the petition will be transferred to the United States District Court for the Western District of Pennsylvania.

### II.   Discussion

In states with two or more federal judicial districts, a state prisoner may file a habeas petition in one of two federal district courts: (1) the federal

judicial district where the prisoner is in custody; or (2) the federal judicial district where the state court of conviction is located. 28 U.S.C. §2241(d). Each of those districts have "jurisdiction to entertain the petition." Id. Section 2241(d), however, also provides that a district court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's §2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. §2241(d). Additionally, 28 U.S.C. §1404 vests a district court with the authority to transfer any civil action, "for the convenience of the parties and witnesses, in the interest of justice," to any district where the action might have been brought. 28 U.S.C. §1404(a).[1]

In this case, Petitioner is currently incarcerated at SCI-Albion, which is located in Erie County, which is within the territorial boundaries of the Western District of Pennsylvania. In his petition, Dawson challenges the validity of his conviction which was obtained in the Somerset County Court of Common Pleas, which is also located within the territorial boundaries of the Western District of Pennsylvania. See 28 U.S.C. §118(a). Since the trial

---

[1] Because habeas proceedings are generally considered civil in nature, Hilton v. Braunskill, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. Parrott v Government of Virgin Islands, 230 F.3d 615, 683 (3d Cir. 2000).

court, as well as any records, witnesses, and counsel, are located within the United States District Court for the Western District of Pennsylvania, the Court will transfer this action to the Western District.

A separate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 28, 2022**
22-0508-01

- 3 -